## IMPELLIZZERI *v.* STATE OF INDIANA.

[No. 25,413.   Filed June 10, 1932.]

*Jenkines & Jenkines,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry Gause,* Deputy Attorney-General, for the State.

MYERS, J.—Appellant was convicted in the court below of transporting liquor in an automobile. Acts 1925 p. 144, §7, §2720 Burns 1926. On appeal to this court the only error assigned and relied on by appellant for a reversal of the judgment is the action of the court in overruling his motion for a new trial. In support of this motion he challenges the evidence to support the finding of the court.

First, the State insists that the bill of exceptions containing the evidence is not in the record, for the reason that the clerk's certificate precedes the bill. While the record in this case evidences want of care and inexperience in its preparation, yet, in our opinion, a fair interpretation of the order-book entries in connection with the clerk's certificate will disclose facts sufficient to warrant us in holding that the bill of exceptions is a part of the record.

It is made to appear from an order-book entry, in substance, that the official reporter's longhand transcript of his shorthand notes of the evidence "in the words and figures following, to-wit:—(H. I.)" was filed, and that the court ordered that such transcript be made a part of the proceedings in the cause. Further, this same entry shows the presentation to the court of what is designated a bill of exceptions containing the evidence, and that the court "having seen and inspected said Bill of Exceptions finds that it is the Bill of Exceptions containing the evidence in said cause" and orders that the same be filed "as a part of the record in this case. All of which is accordingly done on this 23rd day of October, A. D. 1926." Immediately following this order-book entry, and immediately preceding the bill of exceptions, which in all respects was properly authenticated by the trial judge, is the certificate of the clerk of the Cass Circuit Court, which refers to the bill of exceptions as follows: "And I further certify that the

Bill of Exceptions containing the evidence, herein inserted, is the identical and original Bill of Exceptions, duly filed by the defendant, March Impellizzeri, in my office as Clerk, on the 23rd day of October, A. D. 1926. In Witness Whereof," etc.

From the foregoing memorandum it appears that the longhand manuscript of the reporter's notes was filed in the clerk's office before it was incorporated into a bill of exceptions, and after being approved and authenticated by the trial judge was again filed in the clerk's office. The clerk, then the custodian of the bill, certifies and identifies the bill "herein inserted" as being the one filed in her office in this cause, and the one ordered filed by the trial judge. Thus, all of the facts essential. to making the transcript a part of the record are shown, although the certificate of the clerk is not incorporated in the record at its proper place.

Appellant insists that the evidence is insufficient to support the finding of the court. A traffic officer of the city of Logansport and the sheriff of Cass County were the only witnesses for the State. From these two witnesses we learn that one Tony Gambino and appellant were first observed by the traffic officer on East Linden Avenue in the city of Logansport. Appellant was standing at the side of an automobile, a Cadillac touring car; while Gambino was working on a tire. The car belonged to Gambino who had a Michigan and Indiana license; that when the traffic officer drove by one of them stepped out in the street and looked at him. In a short time the traffic officer came back, and, Gambino driving, they started toward the business center of town, turned on Sixth Street to Broadway and then west on Broadway to Fifth Street, where they were stopped by the officer and asked for their identification card. The officer, while standing there, smelled liquor, and asked that the door be opened, and was told to open it himself, but, at the

officer's request to the driver, he opened the door which exposed to view burlap sacks partly covered by a robe. One could not see what they covered, but later they were found to cover 130 gallons of alcohol in five-gallon cans. At the request of the officer, a man, his name not given, was drafted to drive the car to police headquarters. It appears that Gambino did all the talking and appellant did not say anything. At police headquarters Gambino said the cans contained olive oil. He also said he picked up this appellant along the road this side of South Bend or about 25 miles out of Logansport. They both lived in Grand Rapids, Michigan.

The sheriff testified that he had a couple of conversations with this appellant and that Gambino and appellant both told him that appellant got in the car with Gambino about 25 miles out of Logansport; that appellant was walking along the road going to Indianapolis to get work. Appellant introduced evidence that he came from Italy about four years before, and had lived in Grand Rapids with his brother at 124 E. Franklin Street and had been working for the Pere Marquette Railroad Company and was let out and was on his way to Indianapolis to get work. He rode with a fellow in a truck out of Grand Rapids to South Bend, and then rode with a farmer some distance out of South Bend. When the farmer stopped he then started to walk, and about 25 miles out of Logansport he obtained a ride with Gambino, with whom he had no previous acquaintance. He had approximately $6 in money. There was also testimony by another witness that appellant had never been in any trouble nor was he ever arrested before, and his general reputation for morality and truth and veracity was good in Grand Rapids. He was in jail from April 18 to May 31, when he obtained bond in the sum of $2,000.

Looking to the evidence most favorable to the State, it may be summed up as follows: Appellant was found

534

riding in the car with Gambino, the confessed owner thereof, in which there was hidden from view 130 gallons of alcohol; that appellant was an Italian and had lived in Grand Rapids nearly four years. Gambino resided in Grand Rapids, a city which we judicially know had a population of 137,634 in 1920. There is no evidence that Gambino and appellant knew each other in Grand Rapids. Twenty-five miles out of Logansport appellant obtained permission to ride in Gambino's car; that appellant was a hitch-hiker on the road to Indianapolis looking for work.

This evidence will not justify a finding that appellant had any interest in, or supervision of, or control over, the car or the alcohol, and at least there should be some evidence which would justify an inference of some of these facts in order to warrant a finding of guilty.

Judgment reversed, with instructions to grant appellant's motion for a new trial.